Woods v. Cochrane and Smith.

1. **Judicial Sale**: APPRAISEMENT: REDEMPTION. Where, in a sale under appraisement, one of the appraisers lived thirty-five miles distant from the land and was not a householder, and the lands were appraised at less than half their value and purchased by the judgment plaintiff: *Held,* that application being made within a reasonable time, the owner should be permitted to redeem.

2. ———: COMPETENCY OF APPRAISER: NEIGHBORHOOD. A person residing thirty-five miles distant from land to be appraised is not *prima facie* "of the neighborhood," and it must be shown affirmatively that from the condition of the county he is incompetent to serve as an appraiser. Distinguished from *Hill v. Baker,* 32 Iowa, 305.

*Appeal from Pottawattamie District Court.*

MONDAY, JUNE 15.

ON the 18th day of October, 1871, plaintiff filed his petition claiming the right to redeem the E½ NE¼, section 31, and the S½ of section 30, township 77, range 39, from a Sheriff's Sale to Addison Cochrane, on the 31st day of March, 1871, for the aggregate sum of $1,100. ' Trial by court. Plaintiff's petition was dismissed. Plaintiff appeals. The material facts are stated in the opinion.

*Clinton, Hart & Brewer,* for appellant.

*L. W. Ross,* for appellees.

DAY, J.—The record discloses the following facts: The lands were sold under appraisement and bidden off by defendant Cochrane, who acted as the agent of the defendant Smith in obtaining the judgment and in selling the land. The sheriff's deed was executed to Cochrane, and he now holds the title as Smith's agent and for his benefit. The plaintiff selected James A. Sinclair, as one of the appraisers. The other appraiser was selected on behalf of the defendant, as follows: Cochrane placed upon a paper the names of six persons, and from these, V. A. Gregg,

1. JUDICIAL SALE: appraisement: redemption.

defendant's attorney selected D. B. Elwell, as the other appraiser.

At the time Elwell acted as such appraiser he resided at Council Bluffs, thirty-five miles from the land in question, and was not a householder. Cochrane paid Elwell's railroad fare from Council Bluffs to Avoca, and at Avoca he hired a buggy and took Elwell to the residence of James A. Sinclair, and thence he took both appraisers to the land. He paid for the dinners of both, and purchased Elwell's return ticket to Council Bluffs. The lands were appraised as follows:

NE$\frac{1}{4}$ of NE$\frac{1}{4}$, 31, at $12 per acre; SE$\frac{1}{4}$ of NE$\frac{1}{4}$, 31, at $8 per acre; SE$\frac{1}{4}$ of SE$\frac{1}{4}$, 30, at $12 per acre; SW$\frac{1}{4}$ of SW$\frac{1}{4}$, 30, at $2 per acre; being an aggregate of $1,360 for the entire tract. The land sold for $1,100. The plaintiff introduced five witnesses as to the value of the land at the time of appraisement. Two placed this value at from $16 to $18, two at $18, and one at $20 per acre. Defendants introduced no testimony as to the value of the land. Assuming $18 as the fair estimate, the value of the tract was $2,880, or more than double the amount at which it was appraised. In view of all these facts, we think the plaintiff should have been permitted to redeem.

The statute provides, § 3362, Revision, that two disinterested householders of the neighborhood shall be selected as appraisers. It is true that the word neighborhood is a relative and indefinite term. In a very sparsely settled community, a person residing in a town thirty-five miles distant, might be "of the neighborhood." But *prima facie* he is not, and if the vicinity of the land is so sparsely settled as to extend the neighborhood to thirty-five miles, these facts should be shown, and the *prima facie* condition should be thus rebutted.

1. ——: competency of appraiser: neighborhood.

It is also true that in *Hill v. Baker*, 32 Iowa, 305, we held that the fact that one of the appraisers was not a householder, does not affect the power of the sheriff to sell nor render the sale void. But that case differs in many important respects from the present. In that case the lands were sold at the sheriff's sale to a third party, and had been subsequently twice conveyed. No effort was made to redeem, and the question

was not raised until two years after the sale. It does not appear that the judgment plaintiff had anything to do with the selection of the unqualified appraiser. In this case the judgment plaintiff is the purchaser, and he still holds the title. The question arises upon an application made to redeem within less than seven months from the date of sale. The unqualified appraiser was selected by the agent and the attorney of the judgment plaintiff, and the lands were appraised, as shown by the testimony, at less than one-half their real value.

This case is so unlike *Hill v. Baker, supra*, as to fall clearly within a different principle. The permitting of redemption works no hardship upon defendant, and may greatly promote the ends of justice. The redemption, however, shall be without prejudice to the lien for the unsatisfied portion of the judgment.

Appellant may, if he desires, have final decree in this court.

REVERSED.